## IN THE UNITED STATES COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## DAYTON

| | |
|---|---|
| TREVIS FOY<br>540 Fairview Ave.<br>Sidney, OH 45365;<br>　　　　Plaintiff,<br><br>vs.<br><br>TRANS UNION, LLC,<br>a Delaware limited liability company.<br>c/o Prentice-Hall Corporation System, Inc.<br>50 West Broad St, Suite 43215<br>Columbus, OH 43215;<br><br>and<br><br>RAC ACCEPTANCE EAST, LLC<br>dba ACCEPTANCE NOW<br>a foreign company<br>5501 Headquarters Dr.<br>Plano, TX 75024;<br>　　　　Defendants. | : Case No.:<br>:<br>: **COMPLAINT**<br>:<br>: **Jury Demand Endorsed Hereon.**<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**NOW COMES THE PLAINTIFF, TREVIS FOY, BY AND THROUGH COUNSEL**, Richard P. Gabelman, and for his Complaint against the Defendants, pleads as follows:

### VENUE

1. Venue is proper in the Southern District of Ohio as the Defendants conduct business in the state of Ohio.

### PARTIES

2. Trevis Foy ("Foy") is an individual residing in Sidney, Ohio in Shelby County.

3. Trans Union, LLC ("Equifax") is a Delaware limited liability company that conducts business in the State of Ohio.

4. RAC Acceptance East, LLC dba Acceptance Now ("Acceptance Now") is a foreign company that conducts business in the State of Ohio.

## GENERAL ALLEGATIONS

5. Acceptance Now is incorrectly reporting two trade lines with account numbers R096660000347R0966600357 and R096660000347R0966600251 ("Errant Trade Lines") with inaccurate statuses of "included in bankruptcy." The Errant Trade Lines should report with a status of "discharged in bankruptcy."

6. There is an important distinction between these two statuses in the eyes of prospective lenders. An "included in bankruptcy" status leaves open the possibility that the account may be collectible if the Plaintiff fails to complete all that is required of him under his bankruptcy. A "Discharged in Bankruptcy" notation, forecloses the possibility of the underlying account ever being opened again.

7. On July 25, 2017, Mr. Foy received a general discharge from his debts in his Chapter 7 bankruptcy.

8. On August 11 2017, Plaintiff obtained his credit files and noticed the Errant Trade Lines reporting with an inaccurate status of account included in bankruptcy.

9. On or about November 13, 2017, submitted a letter to Trans Union disputing the Errant Trade Lines. In this dispute letter, Mr. Foy explained that the Errant Trade Lines were discharged in bankruptcy, attached the Order of Discharge and asked Trans Union to report the Errant Trade Lines as discharged in bankruptcy.

10. Upon information and belief, Trans Union forwarded Mr. Foy's consumer dispute to Acceptance Now.

11. On or about January 8, 2018, Mr. Foy obtained his Trans Union credit file which showed that the Errant Trade Lines continued to report with an inaccurate Account Status of "Closed-Derogatory" and Remarks Chapter 7 bankruptcy without reporting the account is discharged in bankruptcy.

12. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., Plaintiff has suffered statutory, credit and emotional damages. Due to the Defendants' failure to correct the errors in his credit file, Plaintiff has been forced to refrain from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ACCEPTANCE NOW

13. Plaintiff realleges the above paragraphs as if recited verbatim.

14. After being informed by Trans Union of Mr. Foy's consumer dispute of the Errant Trade Lines, Acceptance Now negligently failed to conduct a proper investigation of Mr. Foy's dispute as required by 15 U.S.C. § 1681s-2(b).

15. Acceptance Now negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 U.S.C. § 1681s-2(b). Specifically, it failed to direct Trans Union to correct the inaccurate status on

the Errant Trade Lines on his credit file.

16. The Errant Trade Lines are inaccurate and creating a misleading impression on Mr. Foy's consumer credit file with Trans Union to which it is reporting such trade line.

17. As a direct and proximate cause of Acceptance Now's negligent failure to perform its duties under the FCRA, Mr. Foy has suffered damages, mental anguish, suffering, humiliation and embarrassment.

18. Acceptance Now is liable to Mr. Foy by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

19. Mr. Foy has a private right of action to assert claims against Acceptance Now arising under 15 U.S.C. § 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Acceptance Now for damages, costs, interest and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ACCEPTANCE NOW

20. Plaintiff realleges the above paragraphs as if recited verbatim.

21. After being informed by Trans Union that Mr. Foy disputed the accuracy of the information it was providing, Acceptance Now willfully failed to conduct a proper reinvestigation of Mr. Foy's dispute.

22. Acceptance Now willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 U.S.C. § 1681s-2(b).

23. As a direct and proximate cause of Acceptance Now's willful failure to perform its duties under the FCRA, Mr. Foy has suffered damages, mental anguish, suffering, humiliation

and embarrassment.

24. Acceptance Now is liable to Mr. Foy for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Acceptance Now for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

25. Plaintiff realleges the above paragraphs as if recited verbatim.

26. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Foy as that term is defined in 15 USC 1681a.

27. Such reports contained information about Mr. Foy that was false, misleading, and inaccurate.

28. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Foy, in violation of 15 U.S.C. § 1681e(b).

29. After receiving Mr. Foy's consumer dispute to the Errant Trade Lines, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

30. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. Foy has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

31. Trans Union is liable to Mr. Foy by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

32. Plaintiff realleges the above paragraphs as if recited verbatim.

33. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Foy as that term is defined in 15 USC 1681a.

34. Such reports contained information about Mr. Foy that was false, misleading, and inaccurate.

35. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Foy, in violation of 15 U.S.C. § 1681e(b).

36. After receiving Mr. Foy's consumer dispute to the Errant Trade Lines, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

37. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mr. Foy has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

38. Trans Union is liable to Mr. Foy by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant a judgment against Trans Union for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendant in an amount in excess of $25,000.00 for Actual Damages; Statutory Damages; Damages for pecuniary, economic and emotional damages and loss; Attorney's Fees and the costs of this action.

June 5, 2018

Respectfully submitted,

/s/Richard P. Gabelman
Richard P. Gabelman, Esq.
Bar No. 0074642
6071 Montgomery Rd
Cincinnati, OH 45213
(513) 348-4813
Attorney for Plaintiff
gabelmanrich@hotmail.com

## **JURY DEMAND**

Plaintiff hereby demands a trial by Jury.

_____
Richard P. Gabelman
*Attorney for Plaintiff*